UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,                                    MEMORANDUM & ORDER

                              Plaintiff,     06-CV-3730 (NGG)

-against-

ALL FUNDS ON DEPOSIT AT: CITIGROUP
SMITH BARNEY ACCOUNT No. 600-00338
HELD IN THE NAME OF KOBI ALEXANDER
and CITIGROUP SMITH BARNEY ACCOUNT
No. 600-27694 HELD IN THE NAME OF
KOBI J. ALEXANDER,

                              Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff United States of America (the "Government") brings this civil forfeiture action against Defendants Citigroup Smith Barney Account No. 600-00338 (the "338 Account") and Citigroup Smith Barney Account No. 600-27694 (the "694 Account"). Jacob "Kobi" Alexander ("Kobi") and his wife Hana Alexander ("Hana") (collectively, "Claimants") have filed statements of interest respecting the 338 and 694 Accounts. (Docket Entries ## 88-89.) On November 10, 2006, Claimants filed motions to dismiss the Government's initial Complaint. (Docket Entries ## 30-34.) In a Memorandum and Order dated September 10, 2007, the court, *inter alia*, denied Claimants' motions to dismiss and directed the Government to amend its complaint. (Memorandum & Order, Docket Entry # 80.) The Government has now submitted an Amended Complaint (Amended Verified Complaint *In Rem* ("Am. Compl.") (Docket Entry # 82)) to which it has attached the Superseding Indictment in the Government's criminal case against Kobi in case number 06-CR-628. (Superseding Indictment (06-CR-628 Docket Entry # 4).) In response, Claimants have filed motions to dismiss the Amended Complaint. (Docket Entries ## 108-115.)

Claimants argue in their joint reply memorandum of law that the court should limit its attention on their motions to dismiss to the Government's Amended Complaint only, without regard to the attached Superseding Indictment. (Reply Memorandum of Law ("Rep. Mem.")) (Docket Entry # 117) at 4.) For purposes of a motion to dismiss, a complaint is deemed "to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000.) Claimants argue that the Superseding Indictment has not been incorporated by reference in the Amended Complaint and that it is not a "written instrument."

The court agrees. First, a written instrument is a "document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." United States v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 466 (E.D.N.Y. 2007) (citation omitted). The Superseding Indictment is not such a document, as it is simply a statement of the Government's allegations against Kobi and therefore does not evidence any legal rights or duties. Second, the Government concedes that it did not explicitly incorporate the Superseding Indictment by reference in the Amended Complaint. The Government's argument that no such explicit incorporation is required must be rejected, for if the Government were allowed to make allegations essential to its claims in documents merely attached to its complaint, a claimant might have difficulty understanding the nature of the Government's claim. See United States v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002) (the complaint should "sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit"); see also Longshoremen's Ass'n, 518 F. Supp. 2d at 461 (holding it improper for Government to attempt to allege legal theories appearing nowhere on the face of its complaint by attaching pleadings from prior criminal and civil cases).

The court also rejects Claimants' argument that elements of a claim must in all cases be pleaded in the complaint and may not be set forth in a document explicitly incorporated by reference in a complaint. (Rep. Mem. at 4-5.) This argument is inconsistent both with Rothman, which provides that a complaint is deemed to include extrinsic materials, and with Fed. R. Civ. P. 10(c), which provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for *all* purposes" (emphasis added). Although Rule 10(c) applies by its terms only to written instruments, the court sees no reason why the same rule should not apply to other extrinsic materials, which are deemed under Rothman to be part of the complaint.

In this case, the failure of the Government to explicitly incorporate the Superseding Indictment by reference in the Amended Complaint does not create any great difficulty in understanding the nature of the Government's claim. Instead, the Superseding Indictment provides additional details regarding the allegations in the Amended Complaint, including most importantly about Kobi's use of the mails and wires in furtherance of the backdating scheme alleged in the Amended Complaint. (Superseding Indictment ¶¶ 52a, 52d, 52e, 52f, 52j, 52k, 52l, 52n, 52p, 52r, 52s, 52t, 52u, 52bb, 56, 63, 66, 69.) However, because the Government should have explicitly incorporated the Superseding Indictment by reference in the Amended Complaint, the court grants the Government leave to amend its Amended Complaint in order to explicitly incorporate by reference the portions of the Superseding Indictment upon which it wishes to rely. See Forman v. Davis, 371 U.S. 178 (1962) (setting forth factors to be considered to determine when leave to amend should be granted, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility of amendment). In the alternative, the Government may paste the relevant portions of the Superseding Indictment upon which it wishes to rely

directly into the Amended Complaint.[1] Any Second Amended Complaint must be filed within seven (7) days of the date of this Order.

The court grants Claimants leave to file one eight (8) page supplemental memorandum of law in further support of their motions to dismiss within seven (7) days of the Government's filing of its Second Amended Complaint. The Government shall have seven (7) days after the filing of such memorandum to file an eight (8) page response. The parties are directed to include all relevant arguments in their briefs. These briefs will be considered together with the memoranda already submitted to the court on Claimants' motions to dismiss, which will remain pending before the court. The page limits set forth herein will be strictly enforced and there will be no extensions of time granted absent extraordinary circumstances that are outside of the parties' control.

SO ORDERED.

Dated: June 1 3, 2008
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Although explicit incorporation by reference is permissible, it is generally preferable to include all the plaintiff's allegations in the complaint. This is especially true where, as here, the complaint would not thereby be rendered unduly long.